181660 Leonel Cervantes Sanchez Paulino v. William P. Barr Good morning Your Honors. If it pleases the court, I'm Stephen Pennon for the petitioner. The petitioner entered the United States in 1971 as a legal permanent resident. In 1984 he was convicted of delivering uncontrolled substance. In December 31, 1996 he was convicted of possession of cocaine. It was at second conviction that he was issued. Because of the application of EADPA and section 44D he was deemed to be ineligible for relief under 212C. We've argued, Your Honor, that in light of the Supreme Court's decision in Jude Lawyer v. Holder, and its holding that an individual's eligibility for 212C should be dependent on his fitness to remain in the United States. No, it certainly didn't make that broader holding. It was not interpreting a statute. It was looking at the rationality of a non-statutory policy choice by the BIA. Here we have a statute that flatly says your client is not eligible for 212 relief. So that's a basic problem you have. Well, I would argue, Your Honor, that what was announced in the Jude Lawyer v. Hasbroughter application... Oh, what the Supreme Court says about a policy interpretation is to determine how we interpret a flat statutory command. This isn't even a Chevron issue. The agency applied the statutory language. There was no interpretation involved. The structure of your argument upends all of the usual conventions about statutory interpretation. And ironically, if the agency resorted to statutory construction here, especially and particularly to avoid a Jude Lawyer-type problem, the agency, in effect, said, Jude Lawyer ties our hands doing this as a matter of policy. We've got to stick to what Congress gave us. But, Your Honors, even matter of the gun, it says that any structure that does not take into consideration the fitness of the individual to remain in the United States... Congress made this choice. That's the difference, the biggest difference between this case and Jude Law. So you also have an equal protection argument that amounts to this statutory choice by Congress over time to treat people convicted of state-controlled substance offenses, in this case cocaine possession, to treat them differently depending on when the time, the date of the conviction violates equal protection. Do you want to say anything about that? Well, Your Honors, the application of 44D has just as a matter of fact... Well, I don't think it's what the judge said. Why is this irrational? Congress can change immigration policy. Different Congresses can have different views about how they want people convicted of cocaine distribution, whether they want to make them eligible for waivers or not. What's irrational about that? Irrational is, Your Honor, that... But in this case, we're talking about a situation where two deportable individuals will be treated disparately, even though they might have had the same conviction, based on the time of their conviction. Yes, so what? Based on the law in effect at the time they committed the convictions. They committed the conduct. That's true, Your Honor. I mean, that tends to happen throughout the law. Congress may take a misdemeanor and make it a felony, and that obviously creates a distinction between someone who committed the law last year and someone who committed the same violation this year. That's the sort of thing that's within Congress's power.  But these distinctions, the distinctions that have been made, aren't necessarily based on the fitness of an individual to remain in the United States. Would you like to just rely on your brief at this point? If that's what the court... No, it's your choice. I'll rely on the brief, Your Honor. Thank you. May it please the Court. Yes, thank you. My name is Craig Newell. I'm here on behalf of the Attorney General. The Court should deny this petition for review because Mr. Sanchez is statutorily ineligible for a former Section 212C relief. This case is not about an agency-created policy or decision-making that precluded his relief. It's about a categorical statutory bar and its application to the undisputed facts in Mr. Sanchez's case. And the matter of Abdel Ghani case that Mr. Sanchez relies on just reiterated those various statutory bars that did not set forth the policy of deciding eligibility when a conviction occurred. And thus, because we're not talking about the review of an agency policy or decision-making, the Administrative Procedure Act and its Arbitrary Capricious Standard of Review and the Judulon decision are not at issue here. Isn't it readily evident to you from our earlier discussion that this panel grasps those principles? Yes, it is, Your Honor. I just have one question. Is this sort of argument pending anywhere else in the country? No, it is not, Your Honor. Okay. This is the only case I know of. And if there are no more questions, I thank you for my time.  Thank you, Your Honor.